

FILED

08/17/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0335

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0335

B.D. and J.D.,

Petitioners,

v.

THIRTEENTH JUDICIAL DISTRICT,
YELLOWSTONE COUNTY,
HONORABLE ROD SOUZA, Presiding,

Respondent.

FILED

AUG 17 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioners B.D. and J.D., via counsel, have filed a Petition for Rehearing of this Court's July 20, 2021 Order denying their petition for writ of supervisory control, in which they asked this Court to take supervisory control over the Thirteenth Judicial District Court, Yellowstone County, in Cause Nos. DN-18-411 and DN-19-194, and reverse that court's orders denying their motions to intervene. We denied the petition for writ of supervisory control for lack of jurisdiction because, as indicated by the Certificate of Service Petitioners filed, Petitioners had failed to serve any of the parties to the underlying case as required by M. R. App. P. 14(6). Therefore, we were without jurisdiction to entertain the matter.

Pursuant to M. R. App. P. 20(1)(a), this Court grants petitions for rehearing only under three circumstances: (i) the Court overlooked some fact material to the decision; (ii) the Court overlooked some question presented by counsel that would have proven decisive to the case; or (iii) the Court's decision conflicts with a statue or controlling decision it had not address. Rule 20(1)(d) provides, "Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs."

Petitioners argue they have grounds for rehearing under Rule 20(1)(a)(i) because this Court overlooked a fact material to the decision. Specifically, Petitioners allege the

record reflects that they served all parties, even though the Certificate of Service reflects only that they served the District Court, the presiding District Court Judge, and their own co-counsel. Petitioners maintain that service was perfected on all parties because "the pleading was circulated to all 15 parties and counsel of record in both proceedings" after they served the Yellowstone County Clerk of District Court. Petitioners argue that "the record" reflects this service and therefore this Court overlooked that fact. Petitioners further maintain that the Certificate of Service they filed with their Petition reflected only service upon the District Court, the presiding District Court Judge, and their own co-counsel because that is how the certificate was automatically generated by the Montana e-filing system.[1]

Petitioners filed their Petition in this Court on July 9, 2021, and they included with that filing a Certificate of Service that asserted they served "the foregoing Petition – Writ" upon the District Court, the presiding District Court Judge, and their own co-counsel. We denied the Petition on jurisdictional grounds on July 20, 2021. That same day, Petitioners filed this Petition for Rehearing. Attached as an exhibit to the Petition for Rehearing is a July 13, 2021 Certificate of Service that asserts they served a "Notice – Notice of Filing" on the parties in the underlying cases on that date. However, Petitioners did not supplement their Petition in this Court with this or any other Certificate of Service indicating that they had served all parties in compliance with Rule 14(6).

M. R. App. P. 14(5)(b)(iv) provides that when filing a petition for writ of supervisory control, a petitioner must include every document that is necessary to make out a prima facie case or to substantiate the petition or conclusion or legal effect. That includes the jurisdictional prerequisite of proof of service. Since these facts were not in the record at the time we considered the Petition, we will not consider them now upon rehearing. *Alps Prop. & Cas. Ins. Co. v. Keller*, No. DA 20-0238, Order (Mont. Mar. 23,

---

[1] The Montana e-filing system generates Certificates of Service based on the data entered by the filer. Had Petitioners entered correct and complete data when they filed their Petition, the automatically generated Certificate of Service would have included all the parties in the underlying matters.

2021). This Court did not overlook any fact in "the record," as counsel did not provide adequate proof of service upon filing of the Petition, and did not offer proof of service until after the Petition was dismissed for lack of jurisdiction. We conclude this petition for rehearing does not clearly demonstrate exceptional circumstances as required under Rule 20(1)(d) for rehearing of the denial of a petition for extraordinary writ.

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to provide copies of this Order to counsel for Petitioner, all counsel of record in the Thirteenth Judicial District Court, Yellowstone County, Cause Nos. DN-18-411 and DN-19-194, and the Honorable Rod Souza, presiding.

Dated this 17th day of August, 2021.

_____

_____

_____

_____
Justices

3